No. 460

DAYTON COMM. FIN. CO. v. ASSOCIATES INV. CO. et.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 744.  Decided May 9, 1927

149.  BILL OF SALE—Automobiles—Delay in executing and recording bill of sale for automobile does not invalidate same, there being no one prejudiced by such delay and no intervening rights having been acquired by anyone during period from date of sale to filing.

229.  CHATTEL MORTGAGE — Notice — Where chattel mortgage on automobile is given to secure note of individual, and subsequently the machine is sold, and bill of sale is executed to the purchaser, said purchaser having legal title was not bound to take notice of the chattel mortgage since the giver thereof was not in the chain of title and a mortgage given by him would not be constructive notice.

**First Publication of this Opinion**

BY THE COURT.

The Dayton Commercial Finance Co. brought this suit originally in the Montgomery Common Pleas against the Associates Investment Co. to replevin a certain automobile. Later A. B. Kerstig was made a party defendant, and he filed an answer claiming to be the owner of the automobile by purchase, from the McMaster Motor Exchange Co.

It seems that when Kerstig purchased the machine on April 25, 1924, he executed a mortgage to the Motor Co. which was transferred to the Investment Co. Later on a bill of sale was executed to Kerstig by the Motor Co. which bill of sale was dated May 2, 1924 and filed June 3, 1924.

It further appears that W. H. McMaster assumed to have purchased the car from the McMaster Motor Co. on Feb. 14, 1924 and he, as an individual, borrowed $519 from the Finance Co. upon a note secured by chattel mortgage on the car which was subsequently sold to Kerstig. This chattel mortgage was duly filed; but it appears that neither Kerstig nor the Investment Co. had actual knowledge of said chattel mortgage. The lower court dismissed the replevin suit and error was prosecuted. It was claimed that Kerstig and the Investment Co. were chargeable with constructive notice of said mortgage given to the plaintiff by W. H. McMaster, by reason of its having been filed as a chattel mortgage. The Court of Appeals held:

1. The mere delay in the execution and the recording of the bill of sale to Kerstig did not invalidate same, there being no one prejudiced by the delay and no intervening rights having been acquired by anyone within the period from the date of the sale to the recording of the bill of sale.

2. Kerstig, having record title, except as against anyone whose rights may have intervened, was not bound to take notice of the chattel mortgage · given by McMaster; since McMaster was not in the chain of title and a mortgage given by him would not be constructive notice.

3. This proposition is set forth in Sternberger v. Ragland, 57 OS. 148, as applied to real estate and the same principal would apply as to automobiles in view of the statute requiring the registry of titles to automobiles.

4. The legal title of Kerstig and the Investment Co. would prevail over the equitable title of the Finance Co. and plaintiff would not be entitled to maintain a replevin suit.

Judgment affirmed.

(Ferneding, Kunkle & Allread, JJ., concur.)

Attorneys—Joseph W. Sharts for Finance Co.; James & Coolidge for Investment Co., et; all of Dayton.